**UNITED STATES OF AMERICA,
Plaintiff—Appellee,**

v.

**Hwang Jin YEONG, aka Jin Yeong
Hwang, Defendant—Appellant.**

No. 02–10617.

D.C. No. CR–00–00150–JSU.

United States Court of Appeals,
Ninth Circuit.

Submitted June 9, 2003.*

Decided June 20, 2003.

Before RYMER, THOMAS, and
SILVERMAN, Circuit Judges.

MEMORANDUM **

Hwang Jin Yeong appeals his 168–month sentence imposed after his guilty plea conviction for one count of conspiracy to import methamphetamine, in violation of 21 U.S.C. §§ 952(a), 960, and 963. He contends that the district court improperly denied him a two-level minor role adjustment pursuant to U.S.S.G. § 3B1.2(b). We have jurisdiction under 28 U.S.C. § 1291. We review for clear error the factual determination of whether a defendant is a minor participant, *United States v. Sanchez–Lopez,* 879 F.2d 541, 557 (9th Cir.1989), and we affirm.

The district court properly denied Hwang's request for an adjustment because he did not prove by a preponderance of the evidence that he played a minor role in the offense. *See United States v. Otis,* 127 F.3d 829, 836 (9th Cir.1997) (per curiam) (denial of adjustment upheld where evidence indicated that defendant's involvement was more than a "cameo appearance"); *Sanchez–Lopez,* 879 F.2d at 557 (upholding denial of adjustment where evidence linked defendant to a substantial amount of drugs).

In light of this disposition, we do not reach Hwang's remaining contentions because any error in interpreting the guidelines is harmless.

AFFIRMED.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

